Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com

Nate Kleinman, Esq. (to be admitted *pro hac vice*)
The McCulloch Law Firm, PLLC
501 Fifth Avenue, Suite 1809
New York, NY 10017
Telephone: (212) 355-6050
Fax: (206) 219-6358
nate@mccullochiplaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTEVAN ORIOL,<br><br>*Plaintiff*,<br><br>v.<br><br>LAUREN MOSHI, LLC; LAUREN MOSHI; and JOHN DOES 1-10,<br><br>*Defendants*. | Civil Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff ESTEVAN ORIOL ("Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for his Complaint for

copyright infringement against Defendants LAUREN MOSHI, LLC; LAUREN MOSHI; and JOHN DOES 1-10 (collectively "Defendants") hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1.   This is an action for copyright infringement and related claims brought against Defendants for unauthorized and infringing uses of Plaintiff's copyrighted photograph.

2.   Plaintiff seeks damages and other relief related to Defendants' reckless and willful infringements of Plaintiff's copyrights in the original photographic work identified herein that is the subject of this action.

## PARTIES

3.   Plaintiff is a renowned professional photographer who makes his living by taking photographs and selling his own apparel featuring his original photographic works.

4.   Plaintiff is a resident of Los Angeles, California.

5.   Plaintiff created and owns the copyrights to the photographic work at issue in this action.

6.   Upon information and belief, Defendant Lauren Moshi, LLC ("LM") is a national clothing wholesaler and retailer, with its flagship store located at 107/109 N. Robertson Boulevard, West Hollywood, California 90048.

7.   Upon information and belief, Defendant Lauren Moshi ("Moshi") (together with "LM" as "Moshi Defendants") is the founder and owner of LM and the individual responsible for creating the infringing design at issue in this action.

8.   Upon information and belief, Moshi has complete control over LM and is personally responsible for creating and distributing all LM designs and apparel at issue in this action.

9.   Upon information and belief, Defendants JOHN DOES 1-10 ("Retail Defendants") are the currently known but unascertained retailers and resellers to which/whom the Moshi

Defendants supplied the infringing products and apparel identified herein that are the subject of this action.

10. Upon information and belief, the Retail Defendants infringed upon Plaintiff's copyrights by displaying, offering for sale, and/or selling the infringing apparel products at issue here that were supplied to them by the Moshi Defendants.

**JURISDICTION AND VENUE**

11. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Central District of California pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress related to copyrights).

12. Venue is proper in this Court under 28 U.S.C. § 1400(a) because Defendant LM may be found in this District.

13. This Court has personal jurisdiction over Defendants because, upon information and belief, they conduct substantial and ongoing business in the State of California and in this District; can be found in this District; and infringed Plaintiff's copyrights in California and this District.

**FACTUAL ALLEGATIONS**

14. Plaintiff is the author and copyright owner of the iconic photograph entitled "LA Fingers" (hereinafter the "Photograph"), which is attached as <u>Exhibit 1</u>.

15. Plaintiff registered his copyright in the Photograph at issue with the United States Copyright Office prior to the infringements alleged herein.

16. The Moshi Defendants distributed and sold multiple clothing items (the "Infringing Shirts") that prominently feature an unauthorized copy and/or derivative of Plaintiff's Photograph.

17. The Moshi Defendants distributed inventory to other retailers for sale.

18. True and correct screen captures of photographs of the Infringing Shirts, as offered for sale at LM's website (www.laurenmoshi.com), are attached hereto as Exhibit 2.

19. The Moshi Defendants displayed, offered for sale, and sold the Infringing Shirts, in multiple shirt styles, on its website, social media pages and store locations, including but not limited to the Retail Defendants, and profited from such unauthorized use of Plaintiff's Photograph.

20. The LM website claims "Lauren Moshi creates unique pieces that are meticulously crafted in limited quantities. Every very mark, every line on every piece is hand drawn by Lauren. Each garment is an original piece of artwork." (https://www.laurenmoshi.com/pages/about-lauren-moshi)

21. Upon information and belief, the Infringing Shirts are nothing more than an unauthorized derivative of Plaintiff's Photograph that Moshi created using a standard and readily available digital editing filter.

22. Nevertheless, Moshi falsely signed her name to the work, falsely claiming to the public that it she is the original author and creator.

23. The unauthorized derivative design also was used to create a store-front poster for the LM flagship store in Los Angeles.

24. On or about July 21, 2017 and August 10, 2017, Plaintiff, through counsel sent a cease and desist letter via First Class Mail and E-mail, respectively, demanding that LM immediately stop selling and remove from its stores the Infringing Shirts or any other apparel items (and all styles) that feature the infringing design, and place all such products under quarantine.

25. The Retail Defendants are unascertained stores and retailers who received the Infringing Shirts from the Moshi Defendants and, upon information and belief, displayed and offered for sale and sold the Infringing Shirts to the public.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**(DIRECT, VICARIOUS, and/or CONTRIBUTORY)**

26. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

27. Plaintiff is the author and registered copyright owner of the Photograph.

28. The Moshi Defendants copied, reproduced, printed, displayed, offered for sale, and sold products that featured unlicensed derivative copies of Plaintiff's Photograph.

29. The Moshi Defendants' infringements were willful and/or reckless, particularly with respect to any sales of the Infringing Shirts after receiving notice from Plaintiff.

30. By copying, distributing, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted work, the Moshi Defendants infringed Plaintiff's copyrights in the Photograph and caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

31. Upon information and belief, the Retail Defendants infringed upon Plaintiff's copyrights by displaying, offering for sale, and/or selling the infringing apparel products at issue here that were supplied to them by the Moshi Defendants.

32. Through their actions, the Moshi Defendants materially contributed to, facilitated, induced, or otherwise is responsible for the directly infringing acts carried out by the Retail Defendants, including by providing them inventory featuring infringing copies of Plaintiff's Photograph.

33. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution from any diminution in the value of Plaintiff's copyrighted work.

34. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A preliminary and permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted work identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photograph and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendants' profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution;

4. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5. Any other relief authorized by law, including punitive and/or exemplary damages; and

6. For such other and further relief as the Court deems just and proper.

Dated:   November 20, 2017

Respectfully submitted,

/s/ Nathaniel Kleinman
Nathaniel Kleinman (to be admitted *pro hac vice*)
The McCulloch Law Firm, PLLC
501 Fifth Avenue, Suite 1809
New York, New York 10017
Tel: (212) 355-6050
nate@mccullochiplaw.com

-and-

Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com

*Attorneys for Plaintiff*